UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATELYNN SHEA W.,[1] | |
| Plaintiff, | Case No. 2:24-cv-00563-DKG |
| v. | **MEMORANDUM DECISION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for disability and disability insurance benefits. (Dkt. 1). The Court has reviewed the Complaint, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will affirm the Commissioner's decision.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On May 18, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on May 10, 2020. (AR 17). The application was denied initially and on reconsideration.

A hearing was conducted on October 19, 2023, before an Administrative Law Judge (ALJ), who issued an unfavorable decision on November 16, 2023.[2] (AR 17–34). The Appeals Council denied review, making the ALJ's decision final. On November 21, 2024, Plaintiff timely filed a Complaint seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged onset date, Plaintiff was 30 years of age. (AR 64). Plaintiff has prior work experience as a claims clerk, an office helper, and a salesperson of general hardware. (AR 33–34). Plaintiff claims she is unable to work due to physical and mental impairments, including headaches, right and left ulnar neuropathy, obesity, cervical spine pain, polycystic ovarian syndrome, and depression. (AR 20–21, 254, 324).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step

---

[2] A telephone hearing was conducted, and Plaintiff agreed to appear via telephone before the hearing and confirmed such agreement at the start of the hearing. (AR 17, 43–44, 150–152).

sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 10, 2020, the alleged onset date. (AR 19). At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: headaches, right ulnar neuropathy, and obesity. (AR 20). The ALJ also found at step two, that Plaintiff's cervical spine pain, polycystic ovarian syndrome, left ulnar neuropathy and mild depression were non-severe impairments. (AR 20–21).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526. (AR 22–23). The ALJ next found Plaintiff retained the residual functioning capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> except pushing and pulling with the right upper extremity is limited to occasional with pushing and pulling defined as being with force and not just extending the arm; postural activities can be performed frequently but stairs and crawling can be done occasionally and no climbing of ladders, ropes, or scaffolds. Reaching in all directions with the right upper extremity as well as handling is limited to frequent, not constant. The claimant needs to avoid concentrated exposure to vibration and respiratory irritants and have no more than moderate exposure to industrial noise or hazards such as unprotected heights or dangerous moving machinery.

**MEMORANDUM DECISION AND ORDER - 3**

(AR 23–33). Relying upon the testimony from the vocational expert, the ALJ concluded at step four that Plaintiff could perform her past relevant work as a claims clerk II, salesperson general hardware, and office helper. (AR 33). The ALJ therefore determined Plaintiff was not disabled from the alleged onset date through the date of the decision. (AR 34).

## ISSUES FOR REVIEW

1.    Whether the ALJ properly evaluated Plaintiff's subjective symptom statements and reasonably assessed functional limitations in the RFC.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires more than a mere scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual

**MEMORANDUM DECISION AND ORDER - 4**

findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

However, substantial evidence does not support an ALJ's RFC assessment if "the ALJ improperly rejected [the claimant's] testimony as to the severity of his pain and symptoms." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–38, 1040 (9th Cir. 2007).

## DISCUSSION

### 1.    ALJ's Consideration of Plaintiff's Symptom Statements

Plaintiff argues the ALJ erred by failing to provide clear and convincing reasons for discrediting her statements concerning her headache symptoms and limitations, and failing to include absenteeism limitations in the RFC. (Dkt. 12, 15). Defendant maintains the ALJ reasonably found inconsistencies between Plaintiff's testimony about the severity and frequency of her headaches and the medical and other evidence of record, and properly accounted for Plaintiff's headaches in the RFC by including environmental limitations. (Dkt. 14).

**MEMORANDUM DECISION AND ORDER - 5**

## A.    Legal Standard

The ALJ engages in a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (quoting *Garrison*, 759 F.3d at 1014–15; 20 C.F.R. § 404.1529 (Mar. 27, 2017)).

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ next evaluates the intensity and persistence of the symptoms to determine the extent that the symptoms limit a claimant's ability to perform work related activities based on the entire case record. SSR 16-3p. The ALJ may discredit a claimant's testimony about the severity of their symptoms only by offering specific, clear and convincing reasons for doing so. *Trevizo*, 871 F.3d at 678; *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). These reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The clear and convincing standard does not require the Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

**MEMORANDUM DECISION AND ORDER - 6**

B.    Analysis

In her September 30, 2021, functional report, Plaintiff stated that daily headaches kept her from working, caused her neck pain, migraines, headaches, nausea, vomiting, ringing ears, light and screen sensitivity, limited concentration and movement, and noise sensitivity. (AR 263). Plaintiff described her daily activities as laying in bed or sitting on the couch in the dark due to her headaches. (AR 264). Plaintiff reported that she did not take any medications for her headaches at that time, but listed medications she had previously tried that either did not help or made her condition worse. (AR 270). In her January 21, 2022, appeals disability report, Plaintiff reported having daily migraines that caused extreme nausea, vomiting, light and noise sensitivity, insomnia, ringing in her ears, dizziness, lack of concentration, and throbbing pain, requiring her to lay down in the dark with ear plugs. (AR 301). In her May 13, 2022, function report, Plaintiff reported having migraines all the time, causing her to keep her home dark and quiet, and reported that she was not taking medications because nothing she has tried, including Botox injections, helped her. (AR 312). In her May 13, 2022, headache questionnaire, Plaintiff reported daily headaches or migraines that lasted all day and did not report any current medications. (AR 318–319).

During the hearing, Plaintiff testified that she stopped working due to daily headaches and migraines that affected her ability to work on a computer and made it hard to concentrate. (AR 47, 54). Plaintiff testified that when she has migraines, she has nausea, vomiting, and sensitivity to light and computers, and her headaches cause

MEMORANDUM DECISION AND ORDER - 7

pounding in her head. (AR 48). Plaintiff stated the headaches and migraines were treated

the same by her physicians, that she sought treatment, including medications and

injections, but that the treatments did not provide relief. (AR 47–48). Plaintiff testified

that she has migraines fifteen out of thirty-one days per month that require her to sit in a

dark closet, but that she does not take medication for them because she never found a

regimen that worked. (AR 49).

The ALJ found Plaintiff's medically determinable impairments could reasonably

be expected to cause the alleged symptoms. (AR 24). However, the ALJ determined that

Plaintiff's statements concerning the intensity, persistence, and limiting effects of the

symptoms are not entirely consistent with the medical evidence and other evidence in the

record. (AR 24–25). Specifically, the ALJ found Plaintiff's statements related to the

severity and frequency of her headache symptoms are inconsistent with the objective

evidence, clinical findings on exam, and treatment history. (AR 25). The ALJ pointed to

numerous medical records, ultimately concluding:

> Overall, despite alleging daily headaches or only 1 to 5 headache free days
> per month, the lack of clinical sings[3] of a migraine are not consistent with
> the severity and frequency of alleged symptoms. In addition to the lack of
> clinical signs discussed above, other medical sources also noted the
> claimant was in no acute distress (Exhibits 3F at 14; 14F at 7) and she
> remained oriented (Exhibit 3F at 15) with intact cranial nerves (Exhibit 3F
> at 14). Furthermore, as noted above, there are inconsistencies regarding the
> claimant following through and trying recommended treatments (Exhibits
> 1F at 5; 2F at 10, 12; 4F at 4) and the lack of abnormal signs on exam
> despite alleged daily headaches and lack of treatment is not consistent with
> needing to lie in a dark room with ear plugs most of the day.

---

[3] The ALJ's use of the word "sings" appears to be a typographical error. The Court
understands the ALJ to have meant "signs."

**MEMORANDUM DECISION AND ORDER - 8**

(AR 30). For the reasons that follow, the Court finds the ALJ provided clear and convincing reasons for discounting Plaintiff's symptom statements as to the severity and frequency of her headaches.

An ALJ may reject a claimant's symptom testimony if the testimony is contradicted by evidence in the medical record. *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). While an ALJ may consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain," *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), the ALJ cannot reject subjective pain testimony solely on that basis. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see also* 20 C.F.R. § 404.1529(c)(2) (the Commissioner "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"); *Smartt*, 53 F.4th at 498 (holding an ALJ cannot discredit subjective symptom testimony "by demanding positive objective medical evidence 'fully corroborat[ing]' every allegation within the subjective testimony.").

**MEMORANDUM DECISION AND ORDER - 9**

Here, the ALJ found Plaintiff's symptom testimony inconsistent with the medical evidence, pointing to specific contradictions between Plaintiff's testimony and the medical record. (AR 25). The ALJ found Plaintiff's statements regarding constant disabling headaches requiring her to lie in a dark room most of the day were inconsistent with the medical records that reported Plaintiff appeared in no acute distress, remained oriented and alert, had normal coordination and cognition, intact cranial nerves, and overall normal exams. (AR 25–26, 30). The ALJ's observation of the record is accurate. The ALJ reviewed Plaintiff's medical exam history, noting normal and unremarkable exams, ultimately finding "the lack of abnormal signs on exam despite alleged daily headaches . . . is not consistent with needing to lie in a dark room with ear plugs most of the day." (AR 30). The ALJ cited exams dated from June 2020 to February 2023. (AR 25–26) (citing AR 374–76, 395–97, 389, 392, 384–87, 473–85, 641–42, 657, 1319–23, 1326–31, 1338–40). In each cited record, Plaintiff reported either daily headaches/migraines with nearly constant symptoms, or only one to five headache-free days per month. (AR 389, 384, 473, 657, 641, 1326, 1319, 1338). However, the ALJ accurately observed that the medical records also show a lack of clinical signs of a migraine upon exam. The ALJ reasonably relied on the normal clinical exams – finding, e.g. that Plaintiff was in no acute distress, remained oriented, and had "intact cranial nerves" – to conclude that the level of frequency and severity alleged by Plaintiff was inconsistent with the overall objective findings in the medical record. (AR 30).

**MEMORANDUM DECISION AND ORDER - 10**

Plaintiff is correct that the Ninth Circuit has consistently found error when an ALJ does not specifically identify which of the claimant's statements were not credible, even when the ALJ otherwise describes the medical evidence that is supposedly inconsistent with those statements. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 214) (finding insufficient the ALJ's assertion that the claimant's unidentified statements were "not credible to the extent they are inconsistent [with the analysis of the medical evidence]"); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("[O]ur precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions that [the claimant's] testimony was inconsistent with her medical treatment"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (holding that an ALJ improperly rejected testimony when "she simply stated her non-credibility conclusion and then summarized the medical evidence" without identifying the testimony she found not credible). Further, while an ALJ may not demand positive objective medical evidence to corroborate every allegation within the subjective testimony, an ALJ may use "*inconsistent* objective medical evidence in the record to discount subjective symptom testimony." *Smartt*, 53 F.4th at 498 (italics added).

The Court finds that the ALJ specifically identified which of Plaintiff's statements she found were inconsistent with the objective medical evidence. The ALJ identified Plaintiff's alleged headache symptoms, needing to lie in a dark room with earplugs, and the alleged frequency, daily or only one to five headache-free days per month, and found the severity and frequency were inconsistent with the numerous records showing no signs

**MEMORANDUM DECISION AND ORDER - 11**

of migraines or headaches on exam. (AR 30). In pointing to this specific inconsistency, the ALJ accurately cited and summarized numerous records, reasonably identifying the conflict between Plaintiff's alleged daily debilitating headaches/migraines and her normal presentation upon examination. (AR 26) ("Exam did not show the headaches affected her cognition as she was oriented, in no acute distress, and had normal recall.") (citing AR 642); (AR 25) (noting Plaintiff alleged almost daily headaches with 10 out of 10 pain, but appeared in no acute distress with normal coordination, orientation, mood and affect during the appointment) (citing AR 389); (AR 26) ("Additionally, even without treatment and headaches every day, all day, the claimant was alert, oriented, and in no acute distress with intact cranial nerves and coordination.") (citing AR 477). Further, contrary to Plaintiff's assertion, the Court finds the ALJ did not rely on "lay analysis" of the medical record in reaching this conclusion. Rather, the ALJ accurately summarized the medical evidence. 20 C.F.R. § 404.1545(e) ("In assessing the total limiting effects of your impairment(s) and any related symptoms, we will consider all of the medical and nonmedical evidence."). Based on the thorough discussion of the record, the ALJ reasonably concluded that the lack of clinical signs or abnormal signs on exam "despite alleged daily headaches . . . is not consistent with needing to lie in a dark room with ear plugs most of the day." (AR 30). The ALJ's reasoning for rejecting Plaintiff's symptom testimony as to the severity and frequency of her headache symptoms is evident when considering the decision as a whole – particularly the ALJ's discussion of Plaintiff's function reports and the objective medical evidence in the record. For these reasons, the

**MEMORANDUM DECISION AND ORDER - 12**

Court finds that the ALJ identified a specific, clear, and convincing reason to reject Plaintiff's symptom statements based on inconsistencies between the medical record and Plaintiff's statements.

Next, the ALJ found Plaintiff's treatment history – namely, variability in her following through and trying recommended treatments – was inconsistent with the severity and frequency of her alleged headaches. (AR 30).

The regulations recognize that symptoms may suggest a greater severity of impairment than may be shown through objective evidence and therefore also require the ALJ to consider other information in the record, including medical and nonmedical sources, and to consider factors including the usage of treatment, medications, and other measures to relieve symptoms. 20 C.F.R. § 404.1529(c)(3)(i)–(vii). Improvement of symptoms with medication or treatment, and the use of conservative treatment or the lack of treatment can be bases for discrediting symptom allegations. *See e.g. Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *Smartt*, 53 F.4th at 496–97 (concluding that the ALJ properly discounted the claimant's testimony based on inconsistencies with the medical record, the claimant's daily activities, and the claimant's conservative treatment). "If a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 13**

2012) (cleaned up) (quoting *Orn*, 495 F.3d at 638). "In the case of a complaint of pain, such failure may be probative of credibility, because a person's normal reaction is to seek relief from pain, and because modern medicine is often successful in providing some relief." *Orn*, 495 F.3d at 638.

Here, the ALJ cited four medical records in support of her conclusion that Plaintiff inconsistently followed through with recommended treatments. (AR 30). First, a June 19, 2020, neurologist treatment report, showing Plaintiff was prescribed multiple medications for her headaches including topiramate, nortriptyline, and Aimovig, as well as ondansetron for nausea and naratriptan for acute therapy. (AR 376). This record noted a previous failure of sumatriptan for causing significant side effects, and that Plaintiff had tried labetalol without improvement. (AR 375–376). Second, a record from December 2, 2020, showing Plaintiff consulted with a neurosurgeon, where she reported that she was not taking any medication at that time, but that she had been given a trial of one medication which she said did not help her symptoms. (AR 395). The ALJ found this statement to be inconsistent with the previous record indicating she had been prescribed multiple medications for her headaches. (AR 25). Third, the ALJ cited to a January 22, 2021, neurology clinic record, which noted that Plaintiff was assessed for cervicogenic headaches and given a trial of muscle relaxer and bilateral occipital nerve blocks. (AR 393). Specifically, the page of this record cited by ALJ noted Plaintiff was given a trial of tizanidine to be taken at bedtime, and recommended a magnesium supplement and massage therapy. (AR 393). Fourth, the ALJ cited a record from April 21, 2021,

**MEMORANDUM DECISION AND ORDER - 14**

indicating Plaintiff again went to the neurology clinic complaining of constant uncontrolled headaches, but that Plaintiff reported she was not taking any preventative medication and that she had not tried any other supplements for her headaches. (AR 473–476). The ALJ found Plaintiff's denial of trying any supplements inconsistent with Plaintiff following through with the previously recommended treatment, specifically the magnesium supplements. (AR 26 citing AR 476).

Plaintiff argues that the records cited by the ALJ are not supportive of a finding that Plaintiff did not comply with prescribed treatments. (Dkt. 12 at 12–15). The Court disagrees. The records cited by Plaintiff to establish that she complied with other recommended treatments of nerve blocks and injections do not establish a basis for remand, as Plaintiff's argument on this point is essentially advocating for a differing view of the record. *Rollins*, 261 F.3d at 857 (where the ALJ's interpretation of the evidence in the record is reasonable as it is here, it should not be second-guessed). The standard is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. Here, the records cited and discussed by the ALJ support the conclusion that Plaintiff's symptoms statements were inconsistent with her following through and trying recommended treatments.

Taken together, these considerations identified by the ALJ provide clear and convincing reasons to support discounting Plaintiff's subjective symptom statements. Plaintiff highlights other portions of the record and argues the ALJ erred because the RFC failed to account for the "most obvious effect of Plaintiff's chronic headaches, that

**MEMORANDUM DECISION AND ORDER - 15**

when they occur she must absent herself to a dark, quiet room, away from all activities, until the headache subsides." (Dkt. 12 at 4). The question on review, however, is not whether substantial evidence exists to support the claimant's preferred findings, but whether substantial evidence supports the ALJ's findings. *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). The Court must uphold the ALJ's conclusion where, as here, the evidence is subject to more than one rational interpretation and the ALJ's decision is supported by substantial evidence. *Burch*, 400 F.3d at 679.

Notably, the ALJ did not conclude that Plaintiff did not suffer from headaches. (AR 20, 24–26, 30–31). Rather, the ALJ found the medical evidence and other evidence in the record was inconsistent with the level of functional limitations alleged by Plaintiff. The proper inquiry under SSR 19-4 is whether the ALJ considered "the extent to which the person's impairment-related symptoms are consistent with the evidence in the record." SSR 19-4. In cases where migraine and migraine symptoms are alleged, "[c]onsistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC." *Id*.

Here, the ALJ reasonably concluded that, while Plaintiff's headaches impose meaningful limitations, the record does not support the degree of restriction she alleges. Consistent with that conclusion, the ALJ expressly considered Plaintiff's headaches in assessing the RFC limitations by incorporating several headache-related limitations. (AR 31). The RFC explicitly accounted for Plaintiff's headaches by including environmental limitations "to limit aggravation of headaches." (AR 31). The ALJ adopted the

**MEMORANDUM DECISION AND ORDER - 16**

environmental restrictions of concentrated exposure to vibration and moderate exposure to noise or hazards given by the state agency medical consultant Dr. Spackman, finding the restrictions are "generally consistent with the new evidence also showing no headaches on exam (Exhibit 23F at 5) and with the claimant indicating she did not want to mask or treat symptoms (Exhibit 23F at 8)." (AR 31, 33). The ALJ also included the environmental restriction to avoid concentrated exposure to respiratory irritants based on the state agency medical opinion of Dr. Arnold, finding it "consistent with further lessening alleged nausea with the claimant's alleged headaches." (AR 31, 33).

The Court finds the ALJ fashioned an RFC that included all limitations for which the ALJ reasonably found support in the record. (AR 30–31). The ALJ did not entirely reject Plaintiff's statements, but identified specific reasons for finding the extent of the severity and frequency of Plaintiff's symptom statements inconsistent with the record. (AR 25). For the reasons discussed herein, the Court finds substantial evidence exists to support the ALJ's findings.

Accordingly, the Court finds the ALJ identified specific, clear, and convincing reasons to discount Plaintiff's testimony as to the frequency and severity of her headache symptoms and the ALJ's reasoning and conclusion are supported by substantial evidence. The ALJ identified records showing a lack of clinical signs and symptoms despite Plaintiff's alleged constant daily symptoms and pointed to records demonstrating Plaintiff was inconsistent in following through and trying recommended treatments. (AR 25–30).

MEMORANDUM DECISION AND ORDER - 17

Therefore, the Court concludes the ALJ did not err in evaluating Plaintiff's subjective symptom statements and assessing Plaintiff's functional limitations in the RFC.

## ORDER

For the reasons stated herein, the Commissioner's decision finding Plaintiff not disabled within the meaning of the Social Security Act is **AFFIRMED** and the Complaint (Dkt. 1) is **DISMISSED.**

DATED: March 31, 2026

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 18**